UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| REBECCA L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 0:14-CV-129-JMH |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL ) | **AND ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon cross-motions for Summary Judgment [DE 13, 14] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 8-21].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 13]. Under step two, the ALJ found that Plaintiff's degenerative disc/joint disease,

fibromyalgia, and obesity were "severe" as defined by the agency's regulations. [Tr. 13]; 20 CFR § 416.920(c).

During step three of the analysis, the ALJ considered all of Plaintiff's impairments and decided that none of them met the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 17]. After further review of the record, the ALJ concluded at step four that Plaintiff had a residual functional capacity ("RFC") to perform light work, involving lifting/carrying of no more than 20 pounds maximum occasionally and 10 pounds maximum frequently. Plaintiff further limited in that she should engage in only frequent (versus constant/continuous) stooping and avoid concentrated exposure to vibrations. [Tr. 18].

The ALJ found that Plaintiff was able to perform her past relevant work as a charge nurse and fast food assistant. [Tr. 21]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 21].

**II. Standard of Review**

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. §

3

405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

### III. Background

Plaintiff filed a Title II application for disability and disability insurance benefits, alleging total disability beginning on April 13, 2011. Plaintiff was 43 years of age at the alleged disability date, [Tr. 11, 34], and has an Associate's Degree in Nursing. [Tr. 35]. Plaintiff has past work experience as a fast food worker, a registered nurse, and a store clerk. [Tr. 162]. Plaintiff claims she has become disabled and unable to work due to fibromyalgia, chronic pain, lumbar disc disease, depression, anxiety, and osteoarthritis. [Tr. 161].

Plaintiff's claims were denied initially and upon reconsideration. [Tr. 11]. Plaintiff requested a hearing with the ALJ, which took place on April 29, 2013. [Tr. 30-52]. At the hearing, the ALJ heard testimony from Plaintiff and the vocational expert ("VE"), Tina Baldwin. The VE testified that a

person with an RFC equivalent to the ALJ's finding for Plaintiff could perform Plaintiff's past work as a charge nurse and fast food assistant manager. [Tr. 50].

After considering all the evidence in the administrative record, including the testimony of the plaintiff and the VE, the ALJ issued an unfavorable decision denying disability insurance benefits on May 31, 2013. [Tr. 8]. The Appeals Council denied Plaintiff's request for review on July 8, 2014. [Tr. 1]. Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. §§405(g) & 1383(c)(3).

**IV. Analysis**

Plaintiff argues that the ALJ erred in (1) failing to properly consider Plaintiff's mental impairments, (2) failing to give adequate reasons for discounting the treating physician's opinion, and (3) improperly weighing the opinions of state agency non-examining physicians.

**1. The ALJ did not commit reversible error in its consideration of Plaintiff's mental limitations.**

Plaintiff asserts that the ALJ should have found Plaintiff's anxiety and depression to be "severe" under step two. The Commissioner points out that whether anxiety and depression were listed as "severe" is largely irrelevant because the ALJ found other severe impairments and continued on in the analysis. *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir.

5

2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Accordingly, the Court finds that the ALJ's failure to include anxiety and depression as severe impairments in step two is not reversible error.

However, Plaintiff also asserts that the ALJ failed to consider all of Plaintiff's severe and non-severe impairments in the residual functional capacity determination and, therefore, the ALJ failed to accurately describe the claimant in the hypothetical to the VE.

Although an ALJ need not discuss every piece of evidence in the administrative record, *see Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006), it is well settled that the ALJ must consider *all* of a claimant's medically determinable impairments in the context of a claimant's residual functional capacity. *See* 20 C.F.R. § 404.1545(a)(2); *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 191 (6th Cir. 2009); *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787-88 (6th Cir. 2009). This is the case even when impairments have been previously discussed and determined to be non-severe in step two of the analysis because, for mental impairments in particular, the ALJ's RFC analysis should assess the claimant's mental capacity and determine how it relates to her ability to work. *See* 20 C.F.R. § 404.1545(c); *see also Simpson*, 344 F. App'x 181 at 190

6

(discussing how the ALJ should consider the combined effect of all impairments in determining the RFC).

Here, the ALJ underwent an extensive analysis of Plaintiff's mental impairments in step two. [Tr. 15-17]. The ALJ assessed the various (and conflicting) opinions concerning Plaintiff's depression and addressed Plaintiff's testimony. [Tr. 15-17]. It also analyzed how Plaintiff's mental impairments would affect her ability to do work. [Tr. 16 at ¶ 2-3]. Nevertheless, this is the last mention of mental impairments, for they are not addressed at all in the residual functional capacity analysis. If error, see *Simpson*, 344 F. App'x 181 at 190, it is harmless for two reasons.

First, the ALJ's decision to discount Plaintiff's mental impairments is supported by substantial evidence. The Sixth Circuit has found reversible error where an ALJ failed to address a claimant's mental impairment in the RFC *and* when that decision was not supported by substantial evidence. *White*, 312 F. App'x at 787-88 (finding ALJ improperly discounted mental impairments in RFC analysis because it did not accurately state the evidence used to support its finding); *Simpson,* 344 F. App'x at 190-92 (holding ALJ improperly discounted mental impairments in RFC analysis where there was uncontradicted objective medical evidence that claimant suffered from such limitations). Conversely, here, based on a correct characterization of the

7

record, the ALJ determines that Plaintiff's depression does not interfere with activities of daily living, does not appear to prohibit her from maintaining social functioning or maintaining concentration, persistence, or pace. [Tr. 16]. The state agency examining physician's report, the treating physician's medical records, as well as the Plaintiff's subjective testimony support this conclusion.

The state agency examining physician, Dr. Green, although diagnosing Plaintiff with depressive disorder and assigning her a GAF of 60 to indicate a moderate limitation, wrote that Plaintiff "has the resources to adapt and respond appropriately to pressures normally found in the day-to-day work setting." [Tr. 768]. Similarly, Plaintiff's treating physician sometimes diagnosed depression and sometimes did not, but in most instances noted Plaintiff's "normal mood and affect, her behavior is normal, thought content normal." [Tr. 796; 809; 816; 820]. However, on one occasion Dr. Patton noted Plaintiff seemed "slowed" and "exhibit[ed] a depressed mood." [Tr. 824 and 949-52]. Plaintiff also received a diagnosis of depressive disorder at Three Rivers Medical Psychiatric Clinic, [Tr. 315], and was diagnosed with anxiety by other physicians at Catlettsburg Family Care Center on two occasions. [Tr. 792; 829]. The ALJ also considered Plaintiff's testimony regarding her depression, but noted other subjective evidence to indicate that she was

8

able to function in a work environment. [Tr. 15-16]. Although different conclusions could be drawn, this record reflects that the ALJ's decision is supported by substantial evidence. *See Lewless v. Sec'y of Health & Human Servs.*, 25 F.3d 1049 (6th Cir. 1994) (unpublished opinion).

Second, the ALJ's decision discusses Plaintiff's mental impairments in the context of Plaintiff's ability to do work. *See* 20 C.F.R. § 404.1545(c). One of the issues noted in *Simpson* was that this analysis was missing because of the ALJ's failure to discuss non-severe impairments in the RFC. *See Simpson*, 344 F. App'x at 191. Here, however, the ALJ, albeit in step two, includes this analysis and thoroughly cites to the record in support.

For the foregoing reasons, "no purpose would be served" and no different outcome would result by remanding for the ALJ to revisit the RFC only to restate its analysis in step two. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) (citing *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989)). Similarly, the hypothetical would not be changed with remand, as it accurately described the Plaintiff's limitations to the VE. Accordingly, the Court finds no reversible error.

**2. The ALJ provided "good reason" for discounting the opinion of treating physician Dr. Patton.**

Plaintiff contends that the ALJ failed to give adequate reasons for discounting treating physician Dr. Patton's opinion. An ALJ may decide not to afford the opinion of a treating source controlling weight based on certain factors. 20 C.F.R. § 404.1527(d)(2). But in so doing, there is a "clear procedural requirement":

> [A] decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)); *see also* 20 C.F.R. § 404.1527(d)(2).

The parties do not dispute that Dr. Patton was Plaintiff's treating physician. In addition to Dr. Patton's treatment record, on May 3, 2012, Dr. Patton provided a medical report diagnosing Plaintiff with severe degenerative lumbar disc disease, fibromyalgia, and depression. [Tr. 920]. Dr. Patton opined that Plaintiff could occasionally lift ten pounds and frequently lift less than ten pounds; stand and walk about three hours; sit about two hours in an eight-hour workday; never stoop, crouch, kneel, and crawl; and would frequently experience

10

pain and symptoms that would interfere with her attention and concentration to work. Dr. Patton also opined that Plaintiff would need unscheduled breaks every two to three hours and would be absent more than four days per month due to severe pain and depression. [Tr. 919-24].

The ALJ affords Dr. Patton's opinion lesser weight because it "seems overly reliant upon subjective history and report than supported by the documented findings of the record." [Tr. 19]. With regard to Plaintiff's physical limitations, the ALJ then explains that while there is evidence of Plaintiff's loss of motion and pain in her record, there is no evidence that it is at the level of pain and limitation that Dr. Patton's report describes. [Tr. 19]. Contrary to Plaintiff's assertion, the ALJ does not contradict itself when it refers to records of Plaintiff's motion loss and treatment for pain, it acknowledges those records and then disagrees with Dr. Patton's conclusion as to the degree of limitation that those records indicate. *See Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 340-41 (6th Cir. 2008) ("[T]he ultimate determination of disability is the prerogative of the Commissioner, not the treating physician.") (alteration and citation omitted).

The Court also notes that the ALJ's decision discounting Dr. Patton's opinion on Plaintiff's mental limitations is adequate. While the ALJ's "good reason" for discounting Dr.

11

Patton's opinion is found in several different parts of the opinion, it sufficiently complies with *Wilson* and SSR 96-2p. With citations to the record, the ALJ explains its finding that Plaintiff's depression would not impact her work because the record shows that it does not appear to inhibit daily living, concentration, and social functioning. [Tr. 15-17, 19]. The ALJ's analysis of Dr. Patton's opinion includes citation to the record and the appropriate degree of specificity, and the Court finds that it is supported by substantial evidence. Accordingly, the Court finds no error.

> **3. The ALJ did not err when it assigned great weight to non-examining physicians' opinions.**

Plaintiff argues that the ALJ improperly weighed the opinions of state agency non-examining physicians. Specifically, Plaintiff first contends that the non-examining physicians did not review the entire record, in particular the treating source phsycian's (Dr. Patton) medical report. On multiple occasions, the Sixth Circuit has held that it is not reversible error for the ALJ to accord greater weight to the state agency physicians over the claimant's treating source. *See, e.g., Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). And here the state agency physicians actually reviewed the entirety of the records from Dr. Patton's treatment of the Plaintiff—it was only Dr. Patton's opinion report that was not reviewed.

12

Regardless, it is clear from the ALJ's opinion that the ALJ considered the entire record, including Dr. Patton's opinion, before reaching a final decision. *See McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009).

Plaintiff's next argument is that the non-examining physicians describe Plaintiff's steroid injection treatment as "conservative" although Plaintiff underwent multiple steroid injections. The Court finds that the physician's description of "conservative treatment" is in fact consistent with Plaintiff's multiple injections, because "conservative treatment" is used to refer to non-surgical treatment options, like injections, not to indicate less or fewer incidents of treatment.

Finally, Plaintiff maintains that the record indicates Plaintiff has swelling, positive straight leg raise tests, and gait problems. Although Plaintiff fails to state an actual argument and provides no citation to the record on this point, the Court notes that the non-examining physicians' report acknowledged these issues. [Tr. 59; 63; 64]. Therefore, the Court finds that the ALJ properly weighed the opinions of the state agency non-examining physicians and did not err.

**V. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 13] be, and the same hereby is, **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 14] be, and the same hereby is, **GRANTED**.

This the 20th day of March, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

14